HENRY REIGER *v.* COMMISSIONERS of the town of BEAUFORT.

The Commissioners of a town, authorized to subscribe to the capital
stock of a corporation, upon its being so voted by a "majority of the
voters of said town qualified to vote for Commissioners," are justified
in subscribing the amount voted, if a majority of the votes cast at the
election held for that purpose be in favor of such subscription, al-
though a majority of *all* the voters of the town did not vote.

CIVIL ACTION, to recover a bond issued by the corporation,
commenced in a Justice's Court, and carried by appeal to the
Superior Court of CARTERET county, from whence it was re-
moved to the Superior Court of WAKE, when it was tried at
Spring Term, 1873, before *Albertson, J.,* upon the following
CASE AGREED:

The bond upon which the suit is brought, was given by the
Commissioners of the town of Beaufort to C. R. Thomas, Presi-
dent of the Beaufort Steam Ferry Boat Company, under the
authority granted by the provisions of the act of 1858-'59, in-
corporating said company. Section 5 of that act reads: "That
it shall be lawful for the Commissioners of the town of Beau-
fort, to subscribe by their agent, for such an amount of stock
in said company as they shall be authorized to subscribe by a
majority of the voters of said town, qualified to vote for com-
missioners, whose sense of subscribing a particular amount shall
be previously ascertained, by opening a poll for that purpose,
at such times and on such notice, and in such mode, as the
Commissioners shall direct; and the said Commissioners shall
have power to negotiate a loan or loans, and issue the bonds
of the town as security for the payment of said loan or loans,
and shall be authorized to lay a tax on the lands and polls of
said town for the payment of the said subscription."

On the 24th February, 1859, the Commissioners of the town
of Beaufort ordered that the clerk advertise at the Court House
and three other public places, that an election would be held
at the Court House on Saturday, the 26th of said month, to

take the sense of the citizens as to whether the Commissioners should subscribe $2,000 in addition to the subscription of $4,000, theretofore made to the stock of said Company. The election was held, when 62 voted in favor of " subscription " and only 2 (two) voted against it, whereupon the Commissioners " *Resolved*, that the Treasurer of the town subscribe $2,000 to the stock of the Beaufort Steam Ferry Boat Company, and receive a certificate of stock therefor.

" *Resolved, further*, That a bond or bonds, payable at twelve months, bearing interest from date and signed by a majority of the Commissioners, be issued by the Treasurer in payment of said subscription, and that the Treasurer be authorized to sell said bond or bonds for any sum not less than 90 per cent., and that he be authorized to charge the loss on the sale of said bonds, if any, in his account upon vouchers therefor."

In pursuance of the foregoing ordinance, the bond, the same sued on in this action, was issued and assigned by C. R. Thomas, for value to the plaintiff, before it became due ; and all the bonds issued by virtue of said ordinance, were issued at par, and the town received therefore stock in said Company of the value of the face of the bonds.

It is admitted that 68 is less than a majority of the voters of said town, qualified at that time to vote for Commissioners.

Upon the hearing, his Honor gave judgment for the plaintiff, which being certified to the Superior Court of Carteret, the defendants appealed.

*Green*, for appellants.
*Haughton Battle & Son* and *Hubbard*, contra.

PEARSON, C. J. The plaintiff is a *bona fide* holder of a bond issued by the Commissioners of the town of Beaufort. The " case agreed " sets out no fact upon which a recovery can be resisted.

The town issued its bonds, received the value thereof in stock of the Company, and the town cannot, as against a *bona*

*fide* holder of oné of its bonds, be heard to allege that the bond is void, by reason of the fact that the consent of the voters of the town had not been duly ascertained.

Indeed, we incline to the opinion, that the construction contended for, to wit: there must be a majority of all the voters of said town qualified to vote for Commissioners is too narrow, for the act goes on to provide, " whose sense of subscribing a proposed amount shall be previously ascertained by opening a poll for that purpose, after advertisement," &c. The meaning of which is, that all of the voters of the town who do not choose to attend at the poll, are to be taken as assenting to the result of the election according to the votes actually polled. This is the usual course. The Commissioners acted upon it; and issued the bonds. If the intention was to add a further restriction, there ought to have been an express proviso that the assent of the voters of the town can only be given by a vote of a majority of all of the voters of the town to be actually polled.

Here the assent of the voters of the town is left to be ascertained by *opening a poll after due advertisement*, &c., which of course is left to depend upon the majority of the votes cast at such election.

No error.

PER CURIAM.            Judgment affirmed.